**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4190**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS BERNARD WATKINS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  David C. Norton, District Judge.  (3:18-cr-00141-DCN-DCK-1)

———————————

Submitted:  December 19, 2025                  Decided:  January 15, 2026

———————————

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Ryan M. Prescott, PRESCOTT LAW, PLLC, Winterville, Georgia, for Appellant.  Russ Ferguson, United States Attorney, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, Marcus Bernard Watkins pleaded guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Watkins to 68 months of imprisonment followed by three years of supervised release.  In 2023, the district court revoked Watkins's supervised release and sentenced him to time served and 18 months of supervised release.  In 2024, Watkins violated his terms of supervised release by committing new criminal offenses, using drugs, and failing to comply with his drug testing and mental health treatment requirements; the court again revoked Watkins's supervised release.  This time, the court sentenced Watkins to 10 months of imprisonment followed by 12 months of supervised release.

Watkins now appeals.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Watkins knowingly and voluntarily admitted to the violations and whether the sentence was reasonable.  We affirm.

A district court may revoke a term of supervised release if the government proves by a preponderance of the evidence that the defendant violated his release conditions. 18 U.S.C. § 3583(e)(3).  We review a district court's decision to revoke supervised release for abuse of discretion.  *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020).  We have reviewed the record and conclude that Watkins knowingly and voluntarily admitted violating the terms of his supervised release and the court did not abuse its discretion in revoking his supervised release.

2

With respect to Watkins's sentence, "a district court has broad discretion when imposing a sentence upon revocation of supervised release." *Patterson*, 957 F.3d at 436. We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023).

3

We have reviewed the record and conclude that the sentence is procedurally reasonable. The district court properly calculated the Sentencing Guidelines policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence. We further conclude that Watkins fails to rebut the presumption of substantive reasonableness accorded his sentence within the policy statement range.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Watkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Watkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*